IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | 2:12-CR-0301-1 |
| | § | |
| SAMUEL FLORES-CHAVEZ, | § | |
|     Defendant/Movant. | § | |

## ORDER DENYING MOTION TO REDUCE SENTENCE

Pending before the Court is Samuel Flores-Chavez' motion to reduce his sentence pursuant to the internal memo of the United States Attorney General of March 14, 2014. D.E. 34. Because this Court has no authority to reduce his sentence, the motion is DENIED.

Flores-Chavez was convicted in 2012 upon his guilty plea to Possession with Intent to Distribute 778.5 Kilograms of Marijuana and was sentenced to 57 months in the Bureau of Prisons. D.E. 32.

Flores-Chavez seeks the benefit of retroactive application of the Attorney General's internal policy decision to apply the not-yet enacted revisions to the Sentencing Guideline Manual in drug cases.

It is black-letter law that a federal court generally "may not modify a term of imprisonment once it has been imposed." Dillon v. United States, 560 U.S. 817, 824 (2010). This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Ross, 557 F.3d 237, 238 (5th Cir. 2009); United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are: (1) upon a motion for reduction by the Director of the Bureau of

Prisons under certain circumstances; (2) to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; and (3) if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission and such a reduction would be consistent with the Commission's policy statements. Ross, 557 F.3d at 238; 18 U.S.C. § 3582(c). None of these provisions are implicated by Flores-Chavez' motion. The revision to the sentencing guidelines is not yet in effect, and as presently written, does not state that the changes will be retroactive. Additionally, the Attorney General's policy memos are directives to the United States Attorneys and do not have the force of law.

## CONCLUSION

The Court DENIES Flores-Chavez' motion (D.E. 34) to reduce his sentence without prejudice. The sentencing guideline revisions will become effective on November 1, 2014. Flores-Chavez may seek relief after that time.

It is ORDERED this 19th day of May 2014.

_____
HAYDEN HEAD
SENIOR U. S. DISTRICT JUDGE